**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Stevens III, | No. CV11-1978-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

In December 2007 and April 2008, Plaintiff applied for disability income benefits and supplemental security income, alleging disability beginning October 29, 2007. Tr. 17. The Social Security Administration denied these claims on June 3, 2008, and affirmed its denial on August 13, 2008. *Id.* Plaintiff appealed, and Administrative Law Judge ("ALJ") Ronald C. Dickinson held a hearing on January 25, 2010. Tr. 38. The ALJ issued a written decision on March 15, 2010, finding that Plaintiff was not disabled under the terms of the Social Security Act. Tr. 17-28. This became the final agency decision when the Appeals Council denied review. Tr. 1-3. Plaintiff filed a motion for judicial review, requesting remand for an award of benefits. Doc. 13. Defendant filed a memorandum in opposition (Doc. 14), and Plaintiff filed a reply. Doc. 15. For the reasons that follow, the Court will grant Plaintiff's motion, vacate Defendant's decision, and remand for an award of benefits.[1]

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

**I.      Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**II.     Analysis.**

Determining whether a claimant is disabled involves a sequential five-step evaluation process. The claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The ALJ found that Plaintiff had not worked since October 29, 2007. Tr. 19. The ALJ found that Plaintiff suffered from the following severe combination of impairments: status-post L5-S1 fusion surgery, low back pain, apnea, hypertension, obesity, insomnia, depression, anxiety disorder, and a history of narcotic abuse. *Id.* The ALJ found that Plaintiff's impairments did not meet or equal one of the listed impairments. Tr. 20. The ALJ found Plaintiff to have the RFC to perform light and sedentary work and to be able to perform unskilled work that does not involve crawling, crouching, squatting, kneeling,

or the use of his legs or feet to push or pull, and that would allow him to alternate between sitting and standing. Tr. 21. The ALJ concluded that Plaintiff would not be able to perform his past work, but that his RFC, in consideration with his work experience, age, and education, would allow him to perform other work that exists in significant numbers in the national economy. Tr. 26-27.

Plaintiff asserts that the ALJ erred by (1) rejecting the assessments of his treating physician, Alicia Guice, M.D., (2) rejecting Plaintiff's subjective complaints about his symptoms without giving clear and convincing reasons for doing so, and (3) determining Plaintiff's RFC without stating any basis on the record. Doc. 13 at 9-21. Defendant responds that the ALJ's decision was based on substantial evidence and the ALJ properly considered medical source evidence and Plaintiff's subjective complaints in finding that he was capable of light or sedentary work. Doc. 14 at 10-25.

### A.     Dr. Guice's Opinion.

"The medical opinion of a claimant's treating physician is entitled to 'special weight.'" *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). An ALJ may reject "the treating physician's opinion, but only by setting forth 'specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" *Rodriguez*, 876 F.2d at 762 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. Furthermore, where the treating physician's opinion is not contradicted by another physician, the ALJ's reasons for rejecting the opinion must be "clear and convincing." *Rodriguez*, 876 F.2d at 762; *see Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("[A]n ALJ may reject a treating

doctor's medical opinion, if no other doctor has contradicted it, only for 'clear and convincing' reasons supported by substantial evidence.") (citing *Reddick*, 157 F.3d at 725). Similarly, clear and convincing reasons are required to reject a treating physician's subjective judgments and ultimate conclusions. *See Lester v. Chater*, 81 F.3d 821, 830-33 (9th Cir. 1996); *Embrey*, 849 F.2d at 422 ("The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail.").

Plaintiff testified that he had been seeing Dr. Guice for about seven or eight years. Tr. 56. The record contains reports from January 22, 2009 through December 30, 2009, showing that Dr. Guice treated Plaintiff over that period primarily for low back pain, anxiety, depression, and insomnia. Tr. 478-489. On December 30, 2009, Dr. Guice completed an RFC questionnaire on Plaintiff's pain and ability to work. Tr. 528-32. Dr. Guice assessed Plaintiff's pain as moderately severe and sufficient to interfere frequently with his attention and concentration. Tr. 528. She also stated that he could frequently lift or carry 10 pounds, could stand less than 2 hours a day and sit less than 6 hours a day in an 8 hour workday, and that he must alternate between sitting and standing. Tr. 529. Additionally, he could not climb, kneel, crouch, or crawl, and could occasionally balance or stoop. Tr. 530.

The ALJ stated that he gave "some weight" to Dr. Guice's opinion "to the extent that it is consistent with the record as a whole." Tr. 25. The ALJ did not specify which parts of Dr. Guice's opinion he found either consistent or inconsistent with the record. The Court is thus left to determine what parts of Dr. Guice's opinion the ALJ accepted.

In his RFC assessment, the ALJ stated that Plaintiff was capable of performing light and sedentary work with some restrictions. Tr. 21. The ALJ incorporated similar postural limitations to those in Dr. Guice's assessment, but did not include Dr. Guice's opinion that Plaintiff's pain was sufficiently severe to interfere frequently with his

attention and concentration, nor her assessment that Plaintiff could stand or walk less than 2 hours and sit less than 6 hours in an 8 hour workday. *Id*. When questioning the vocational expert ("VE") about Plaintiff's ability to work, the ALJ used a hypothetical that did not include these limitations, and concluded that Plaintiff was capable of light jobs such as cashier and parking lot attendant or sedentary jobs such as packaging. Tr. 62-63.

Plaintiff argues that, unlike the ALJ's hypothetical, the limitations noted in Dr. Guice's assessment are inconsistent with full-time light work and sedentary work. Doc. 13 at 10, 12-13. Plaintiff notes that the combined total of less than 8 hours a day would not permit Plaintiff to sustain work-related activities "on a regular and continuing basis." Doc. 15 at 4, citing 20 C.F.R. §§ 404.15459(b)-(c), 416.945(b)-(c). Plaintiff also notes that when asked at the hearing whether an individual would be able to sustain work in a competitive environment while experiencing pain that frequently interfered with attention and concentration, the vocational expert testified: "I don't think they'd be able to." Doc. 13 at 12-13, n. 13; *see* Tr. 65. Plaintiff asserts that the ALJ needed either to accept Dr. Guice's limitations or state specific and legitimate reasons for rejecting them. Doc. 13 at 13. Defendant responds that SSA regulations require the ALJ to make a RFC assessment based on all the records, not just the opinion of the treating physician, and that the ALJ articulated reasons for discounting portions of Dr. Guice's opinion. Doc. 14 at 16.

The Court agrees that the ALJ was required to give specific reasons for rejecting the limitations in Dr. Guice's assessment. As the Ninth Circuit has explained, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22. Here, the ALJ made an RFC assessment that did not incorporate Dr. Guice's assessment that Plaintiff's pain was sufficiently severe to interfere frequently with his attention and concentration, nor her assessment that Plaintiff could stand or walk less than 2 hours and sit less than 6 hours in an 8 hour workday. *See* Tr. 21. Although

- 5 -

Defendant argues that the ALJ explained his reasons for rejecting parts of Dr. Guice's assessment, the Court finds no such explanation in the ALJ's opinion.

Defendant argues on the basis of *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989), that the ALJ gave legally sufficient reasons for discounting Dr. Guice's assessment of Plaintiff's disabling pain based on Plaintiff's subjective complaints. Doc. 14 at 15-16. In *Fair*, the Ninth Circuit found that the ALJ had properly discounted claimant's testimony of excess pain and that this constituted a "specific, legitimate reason for rejecting the opinion of a treating physician." 885 F.2d at 605. The ALJ in *Fair* specifically noted that the treating physician based his opinion on his belief in the testimony the ALJ rejected. *Id.* The ALJ in this case provided no similar explanation. Moreover, Dr. Guice's assessments do not appear to be based solely on Plaintiff's assertions – they do not entirely mirror the severity of Plaintiff's subjective complaints. Compare Tr. 528-32 with Tr. 52-53. Additionally, the physician in *Fair* explicitly stated that claimant should be restricted to occupations that did not require him "to exceed *his own description* of his symptoms and limitations." *Id.* (emphasis added). No such statement exists in this case. Dr. Guice was asked to assess Plaintiff's pain and ability to work based on her "independent clinical judgment." *See* Tr. 528, 529. While it may appear from the record that Dr. Guice based her opinion on her belief in subjective testimony the ALJ deemed not credible, the ALJ never stated that this was his reason for rejecting parts of Dr. Guice's opinion. If this was the reason, the ALJ was required to say so. *See Embrey*, 849 F.2d at 22 (stating that the subjective opinions and ultimate conclusions of a treating physician are entitled to substantial weight and "cannot be disregarded unless clear and convincing reasons for doing so exist and *are set forth in proper detail*.") (emphasis added).

Opinions of non-treating physicians may also serve as substantial evidence for discounting the opinions of a treating physician "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). If a treating physician's opinion is controverted by a non-

treating physician's opinion, however, the ALJ must still make findings setting forth "'specific, legitimate reasons' supported by substantial evidence in the record" for rejecting it. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see Thomas*, 278 F.3d at 957. Here, as the ALJ noted, state agency medical consultants and consultative examiner Dr. William Chaffee opined, in part, that Plaintiff could frequently lift or carry 20 pounds and could stand or walk up to 6 hours in an 8 hour day. Tr. at 25. It does not appear, however, that the ALJ relied on these less restrictive functional assessments as the basis for discounting Dr. Guice's opinion. In fact, the ALJ stated that he gave "limited weight" to these opinions, also because they were "inconsistent with the record as a whole." *Id*.

Absent any discussion of what parts of Dr. Guice's opinion were unsupported by the record or clearly contradicted by other evidence, and absent any clear explanation of why he was rejecting some parts of the opinion, the Court finds that the ALJ erred in rejecting those parts that were inconsistent with an ability to do light or sedentary work.

### B.     Plaintiff's Subjective Complaints.

Plaintiff made a number of subjective complaints concerning both his physical and mental impairments that the ALJ found not to be credible. Tr. 22-26. Because Plaintiff's appeal focusses only on his spinal issues, including those leading to spinal fusion surgery and the residual effects Plaintiff allegedly suffered thereafter (*see* Doc. 13 at 4), the Court will limit its analysis to these symptoms.

Plaintiff reported that he had chronic back pain that interfered with his ability to lift anything or do housework. Tr. 156. At the hearing in January 2010, Plaintiff testified that he could only stand for about 20 minutes and sit for about 30 minutes before his back started hurting or his feet started tingling, and he would have to lie down. Tr. 52-53. He estimated that he had to lie down for about 8 hours in a 10 hour day and that his condition worsened after having spinal fusion surgery, before which he would lie down for 6 to 7 hours during the day. Tr. 53, 55. Plaintiff also testified that he could only walk for 10 or 15 minutes before having to sit or lie down. Tr. 58.

The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ determined that Plaintiff's impairments could reasonably produce some symptoms. Tr. 22. Given this conclusion, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff not entirely credible. *Smolen*, 80 F.3d at 1281. Plaintiff argues that the ALJ failed to meet this burden. Doc. 13 at 18. The Court does not agree.

The ALJ noted that when Plaintiff sought treatment for extreme back pain in July 2007, the examining physician found Plaintiff's symptoms inconsistent with his clinical exam and refused to prescribe narcotics. Tr. 22; *see* Tr. 290. The ALJ also cited evidence that before Plainfiff's surgery, he was consistently seen ambulating normally and assessed as having normal motor strength and a full range of motion in his lower extremities. Tr. 23; *see* Tr. 321, 350, 405, 433, 434. Although a physical examination conducted by consultative examiner Dr. William Chaffee revealed a decrease in range of motion in the lumbar region and straight leg raise testing was positive bilaterally at 80 degrees, the ALJ noted that Dr. Chaffee found normal motor strength in the lower extremities and only slight lumbar tenderness with no deformity. Tr. 23; *see* Tr. 433-34.

After Plaintiff's surgery on December 17, 2008, the ALJ noted that Plaintiff continued to complain of back pain and ask for narcotics (*see* Tr. 496), but a post-surgery follow up exam noted that he was able to walk upright without a cane or walker (*see* Tr. 538), and Dr. Guice noted tenderness and back spasms only once (Tr. 23; see Tr. 478-497). A review of Dr. Guice's records shows that she noted lumbar tenderness in back brace and post-surgical tenderness and back spasms twice (*see* Tr. 488, 497), but the records otherwise indicate that he had "normal range of motion without pain." Tr. 478-497. The ALJ also noted that Plaintiff's orthopedist, Dr. Waldrip, stated he was done prescribing anti-spasmodics and pain medications and that Plaintiff should take extra strength Tylenol. Tr. 23; *see* Tr. 537. Finally, the ALJ noted that when Plaintiff went to

the emergency room on January 1, 2010, complaining of back pain and stating that he was out of his prescribed pain killers, he was observed as being "ambulatory with a steady gait." Tr. 23; *see* Tr. 547.

Plaintiff correctly notes that an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the complaints (Doc. 13 at 17-18), but the ALJ did not make this error. Instead, the ALJ specifically found that the objective medical evidence on record conflicted with Plaintiff's statements of disabling pain and functional limitations. Tr. 22-23. The Court finds that the reasons provided by the ALJ are sufficiently specific, clear and convincing to affirm the ALJ's decision not to fully credit Plaintiff's testimony.

### C. The ALJ's RFC Assessment.

"Residual functional capacity" is the most a claimant can do despite the limitations caused by physical and/or mental impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. §§ 404.1545(a), 416.927(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ is responsible for assessing the claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, *7. Additionally, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

Plaintiff asserts that the ALJ erred by determining Plaintiff's RFC without any basis in the record. Doc. 13 at 19. Plaintiff argues that the ALJ provided his own RFC and posed it in the form of a standard, habitually-used hypothetical without any discussion of how the medical evidence supported it. *Id.* at 19-20. Defendant responds that the ALJ was responsible for resolving conflicts in the evidence and the fact that he disagreed with Dr. Guice's opinion in some respects is not grounds to find his RFC in error where the ALJ is required to consider all the medical evidence. Doc. 14 at 16.

As discussed in Section A above, the ALJ made an RFC assessment – upon which

he based his hypothetical question to the VE – that differed in key respects from the opinion of Dr. Guice, Plaintiff's treating physician whose opinion was entitled to special significance. *See* SSR 96-8p, 1996 WL 374184, \*7 ("Medical opinions from treating sources about the nature and severity of an individual's impairment(s) are entitled to special significance and may be entitled to controlling weight."). The Court agrees with Defendant that the RFC must be based on all relevant medical and other evidence and that it is the ALJ's role to resolve any conflicts. As the Court found above, however, the ALJ failed to articulate any conflict with Dr. Guice's opinion; nor did he state the basis for accepting parts of her opinion and rejecting others when assessing Plaintiff's RFC and using it as a basis for determining Plaintiff's ability to do other work. For the reasons already discussed, the Court finds this to be legal error.

**III.    Remedy.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). In *Smolen v. Chater*, the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d 1273, 1292 (9th Cir. 1996); *see Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) (*Varney II*) ("In cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (same); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) ("In a recent case where the ALJ failed to provide clear and

convincing reasons for discounting the opinion of claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988)); *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989) (extending *Varney II*'s "credit as true" rule to a case with outstanding issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony).

The Court has found that the ALJ failed to provide legally sufficient reasons for rejecting in part the testimony of Plaintiff's treating physician, Dr. Guice.  Defendant has not presented and there do not appear to be any outstanding issues to be resolved.  Further, the testimony of the VE in response to queries related to Dr. Guice's assessment shows that the ALJ would be required to find Plaintiff incapable of past or other full time work and thus disabled if Dr. Guice's opinion were credited as true.

This case presents an anomaly in which the ALJ has stated legally sufficient reasons for finding not credible Plaintiff's subjective complaints about his symptoms and limitations, but has failed to articulate legally sufficient reasons for rejecting a treating physician's assessment of Plaintiff's pain and functional limitations which appear to be based on – though they do not entirely mirror – those same subjective complaints.

Defendant argues that it would be contrary to the Act to remand for an award of benefits where the ALJ has not resolved evidentiary conflicts or determined that a claimant is disabled.  Doc. 14 at 25-26.  Defendant cites *Strauss v. Comm'r of the Soc. Sec. Admin*, as stating that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."  *Id.* quoting *Strauss*, 635 F.3d 1135, 1138 (9th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357(7th Cir. 2005)).  Defendant argues that if the Court reverses the Commissioner's final decision, further proceedings would be required, presumably to determine whether Plaintiff is, in fact, disabled.  Doc. 14 at 26.

Defendant's reliance on *Strauss* is misplaced.  *Strauss* did not involve procedural error with respect to the ALJ's disability determination on the merits.  Rather, it involved

the ALJ's failure to develop the record as required by a prior court order. *Strauss*, 635 F.3d at 1137. Thus, the district court in *Strauss* did not undertake to determine whether claimant was entitled to benefits under the statute, nor did it credit as true evidence that the ALJ had improperly excluded. *Id.* at 1128. Instead, the court remanded for an award of benefits based solely on the ALJ's failure to follow the court's prior orders. *Id.* It was in this context that the Ninth Circuit held that the district court may not remand for a payment of benefits "without the intermediate step of analyzing whether, in fact, the claimant is disabled." *Id.*

The procedural error this Court finds is precisely the error that the Ninth Circuit in *Strauss* confirmed requires remand for an award of benefits: one in which the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)

Defendant's reliance on *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990), is also unavailing. *See* Doc. 14 at 25. In that case, the Ninth Circuit found that the ALJ had erred in rejecting the opinion of claimant's treating physician "without any specific reference as to why he disregarded it." *Salvador*, 917 F.2d at 15. The court reversed and remanded, but exercised its discretion not to require an award of benefits "because there may be evidence in the record to which the ALJ can point to provide the requisite specific legitimate reasons for disregarding [the physician's] opinions." *Id.* In so doing, the Ninth Circuit relied on *McAllister v. Sullivan*, 888 F.2d 599, 603 (1989), in which it had similarly remanded for further proceedings for the Secretary to determine whether the record contained specific and legitimate reasons for disregarding a treating physician's testimony. Neither of these cases cited to the Ninth Circuit's ruling in *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988), holding that in cases where there are no outstanding issues to be resolved, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's testimony were credited as true, the court may "not remand solely to allow the ALJ to make specific

findings regarding that testimony." 859 F.2d at 1400.

Since *Varney* was decided, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Charter*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, 504 F.3d. 1028, 1041 (9th Cir. Oct. 4, 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]") (citing *Varney*).[2]

Applying these cases, the Court concludes that the improperly rejected testimony and statements of disabling impairments by Dr. Guice should be credited as true and, when they are credited as true, the case remanded for an award of benefits.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The Clerk is directed to **remand** the case for an award of benefits.

Dated this 4th day of June, 2012.

_____
David G. Campbell
United States District Judge

---

[2] This Court disagrees with the Ninth Circuit's credit as true doctrine. The Court is bound, nonetheless, to follow Ninth Circuit precedent.