**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Stevens, III,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | No. CV11-01978-PHX-DGC<br><br>**ORDER** |

Plaintiff filed a motion requesting attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. 18.  Defendant has filed a response and Plaintiff has filed a reply.  Docs. 21, 22.  Neither party has requested oral argument.  For the reasons set forth below, the Court will grant the motion and award fees to Plaintiff in the amount of **$9,807.75**.

**I.　Background.**

On March 22, 2012, Plaintiff filed a motion for judicial review, challenging the Social Security Administration's denial of his request for Disability and Social Security Income benefits.  Doc. 13.  The Court issued an order on June 5, 2012, remanding for an award of benefits because it found that the Administrative Law Judge ("ALJ") failed to provide legally sufficient reasons for rejecting in part the testimony of Plaintiff's treating physician, Dr. Alicia Guice, M.D.  Doc. 16.

**II.　Discussion.**

"The EAJA creates a presumption that fees will be awarded to prevailing parties."

*Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). *See* Doc. 16; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Flores v. Shahala*, 49 F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence four, then the claimant must apply for fees within 30 days of the date the judgment becomes final."). The Court should award reasonable attorney fees and costs under the EAJA unless Defendant shows that its position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

**A.     Was Defendant's Position Substantially Justified?**

Defendant contends that an award of fees is not appropriate because its position was substantially justified. Doc. 21. Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* (emphasis in original).

The Court concludes that Defendant's decision to defend the ALJ's treatment of Dr. Guice's testimony was not substantially justified. The Court found that when formulating Plaintiff's residual functional capacity ("RFC"), the ALJ appeared to incorporate parts of Dr. Guice's testimony but "did not include [her] opinion that Plaintiff's pain was sufficiently severe to interfere frequently with his attention and concentration, nor her assessment that Plaintiff could stand or walk less than 2 hours and

- 2 -

sit less than 6 hours in an 8 hour workday." Doc. 16 at 4-5; Tr. 21. Defendant argued that the ALJ sufficiently explained his reasons for rejecting this testimony, but the Court found no such explanation. Doc. 16 at 5-6. The ALJ was required to make findings setting forth "'specific, legitimate reasons' supported by substantial evidence in the record" for rejecting the testimony of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). His failure to do so was clear legal error.

Defendant argues that the Court failed to acknowledge its more basic contention on appeal that the limitations Dr. Guice testified to were, in fact, consistent with the ability to do light work. Doc. 21 at 4-5. But Defendant refers only to the parts of Dr. Guice's opinion that the Court also found to be consistent with the ALJ's RFC assessment, and does not address the parts of Dr. Guice's opinion that the ALJ appeared to discredit. The Court specifically noted that the vocational expert's response to the ALJ's queries related to Dr. Guice's pain assessment indicated that Plaintiff was incapable of doing his past or other full time work. Doc. 16 at 5, 11. As the Court explained in its previous order, the ALJ was required either to accept this conclusion or to articulate clear and convincing reasons for rejecting the treating physician's opinion upon which it was based. *Id.* at 5-7, 10. The ALJ did neither. Thus, the Commissioner's defense was not substantially justified.

**B.     Is the Amount of the Requested Fee Award Reasonable?**

Plaintiff's counsel, Mark Cardwell, has filed an affidavit and an itemized statement of fees showing that he worked 56.9 hours on this case and that the fees and costs total $10,438.17. Doc. 20-1 at 1. Defendant contends that courts have found between 20 and 40 hours to be the typical number spent on social security appeals and that, because this case entailed only an average-sized (approximately 600 page) record, and did not present any unusual issues, the Court should reduce the number of hours to 40, thereby reducing the total award to $7,339.72, a net reduction of 29.7 per cent. Doc. 21 at 8.

Plaintiff argues that the time spent on this case was reasonable and that his request

for fees comports with the amount of fees awarded in other social security cases. Doc. 22 at 3; *see* Doc. 19 at 8, 8 n. 5 (citing cases). Plaintiff cites *Costa v. Commissioner of Social Security Administration*, 690 F.3d 1132, 1137 (9th Cir. 2012), in which the Ninth Circuit faulted a magistrate judge for seemingly applying what he perceived to be a district-wide rule setting the upper limit for hours billed on social security cases at 40 and reducing a fee award with an "eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services provided." The Court of Appeals cited to its decision in *Morena v. City of Sacremento*, 534 F.3d 1106, 1112 (9th Cir. 2008), in which it opined that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno* went on to acknowledge that due to its familiarity with the case, the district court can exercise its discretion to impose slight reductions of no more than 10 per cent without specific explanation, but that for larger cuts the court must provide a clear explanation. 534 F.3d at 1112.

Defendant does not make a detailed objection to any particular expenditures of time in this case. Nonetheless, the Court agrees that the total amount of time billed exceeds the high end of what the Court would expect for a case such as this that did not contain an excessively lengthy record and did not present particularly complex or novel issues. Plaintiff, who bears the burden of showing that the amount of fees requested is justified (*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), has presented no facts about this case that made it exceptionally difficult. The Court will therefore exercise its discretion and reduce the amount of fees awarded by 10 per cent to $9,807.75. This amount factors in the additional 2.5 hours claimed for preparing the reply. Doc. 22 at 5.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees (Doc. 18) is **granted**.

2. Plaintiff is awarded **$9,807.75** in attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of November, 2012.

_____
David G. Campbell
United States District Judge